IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CIVIL NO. 05-0612-WS |
| ) | |
| SCOTT ANDREW LEWIS, ) | CRIMINAL NO. 04-0149-WS |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on petitioner Scott Andrew Lewis's *pro se* Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 32). Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned has conducted an initial review of the Petition. Because it plainly appears from such examination that Lewis is not entitled to relief, the Court hereby **dismisses** the Petition **without prejudice**.

I.     **Background.**

On July 29, 2004, a grand jury sitting in the Southern District of Alabama issued a one-count Indictment charging Lewis with using force, violence and intimidation to take approximately $760 in cash from the SouthTrust Bank branch located at 4605 Airport Boulevard, Mobile, Alabama, on or about July 16, 2004, in violation of 18 U.S.C. § 2113(a).

On September 22, 2004, Lewis pleaded guilty to the offense charged in the Indictment. In connection with that guilty plea, he signed a Factual Resume (doc. 15), thereby admitting the relevant offense conduct. According to the Factual Resume, Lewis entered the SouthTrust Bank branch on July 16, 2004, and handed the teller a deposit slip demanding $20 and $50 bills. When the teller appeared not to understand the note, Lewis leaned over the counter and told her to give him her $20 and $50 bills, indicating that he had a gun in his back pocket. He was not, in fact, carrying a firearm. The teller complied by giving Lewis currency from her drawer, after which he fled from the bank. Lewis turned himself in to law enforcement officers the next day.

On December 16, 2004, the undersigned sentenced Lewis to a term of imprisonment of 46 months, to be followed by a three-year term of supervised release. Lewis was also ordered to make restitution of $760 to SouthTrust and to pay a special assessment of $100. The Judgment (doc. 28) reflects the Court's recommendation to the Bureau of Prisons ("BOP") that Lewis be permitted to participate in a residential, comprehensive, substance abuse treatment program while incarcerated. In arriving at the appropriate Sentencing Guidelines range for Lewis, the Court imposed a two-level enhancement for the specific offense characteristic of a threat of death, pursuant to U.S.S.G. § 2B3.1(b)(2)(F). Lewis is presently incarcerated at FCI Marianna in Marianna, Florida.

Lewis did not file a direct appeal. However, on October 21, 2005, he filed a § 2255 Petition seeking relief from the BOP's determination that he was ineligible for the early-release provisions of 18 U.S.C. § 3621(e)(2).[1] According to the Petition, Lewis's participation in a 500-hour residential drug treatment program "was supposed to entail a [*sic*] 18-month time reduction, one year off with six months CCC." (Petition, ¶ 8.) Lewis asserts that the BOP "has disregarded the Court's decision on the subject of [his] eligibility for the sentence reduction," that this Court attempted at sentencing to "g[u]arantee [his] eligibility for the sentence reduction," and that the BOP's purported "reversal" of the

---

[1] That section provides that if a prisoner successfully completes a residential substance abuse treatment program, "[t]he period a prisoner convicted of a ***nonviolent offense*** remains in custody after successfully completing a treatment program ***may*** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). This section has been construed as conferring discretion to the BOP to determine when and under what circumstances a prisoner convicted of a nonviolent offense may receive a sentence reduction for completing a drug treatment program. *See Lopez v. Davis*, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."); *Rublee v. Fleming*, 160 F.3d 213, 215-16 (5th Cir. 1998) ("the language of § 3621(e)(2)(B), which provides that a prisoner's sentence 'may be reduced' after the successful completion of a drug-treatment program, affords the BOP broad discretion in deciding which inmates qualify for early release").

Court's "decisions" violates his rights. (Petition, ¶ 10.)[2]

Documentation accompanying the Petition reflects the BOP's "provisional" assessment that it "does not appear that [Lewis is] provisionally eligible for early release" because his current offense is a crime of violence under BOP policies, while § 3621(e)(2)(B) relief is limited to nonviolent offenders. (BOP form dated June 24, 2005.)[3] There is no indication in the record that Lewis has ever pursued administrative remedies at the BOP to challenge that provisional assessment; in fact, Lewis acknowledges that he has not completed any such exhaustion. It appears that Lewis just commenced

---

[2]   Contrary to Lewis's suggestion, the undersigned never directed the BOP to grant Lewis such a sentencing reduction, much less "guaranteed" same. What the Court did do is recommend that Lewis be granted access to a substance abuse treatment program and ensure that the record properly reflected that Lewis did not use a firearm in the offense. Under the applicable statutory framework, it is up to the BOP, in the first instance, to decide who can participate in drug treatment programs and whether participants receive a sentence reduction for completing the program. The BOP has in no way "reversed" any decision of this Court.

[3]   This provisional assessment is amply supported by applicable regulations. Indeed, the BOP's Program Statement 5330.10 states, in pertinent part, as follows:

> "As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the *following categories of inmates are not eligible for early release*: ... Inmates whose current offense is a felony ... that has an element, the ***actual, attempted or threatened use of physical force*** against the person or property of another, or ... that by its nature or conduct, presents a serious potential risk of physical force against the person or property of another."

(PS 5330.10, § 6.1.1(a)(vi)(A),(C) (emphasis added).) Furthermore, the BOP's Program Statement 5162.04 (Categorization of Offenses) specifically addresses convictions for bank robbery under 18 U.S.C. § 2113(a), stating that for purposes of the early release provisions of § 3621 the offense of bank robbery "shall be considered a crime of violence, since the offense involves an explicit or implicit threat of force and thus has as an element the threatened use of physical force against the person or property of another." (PS 5162.04, § 6(b).) This exercise of the BOP's discretion to develop category-wide rules for determining which prisoners receive a sentence reduction under § 3621(e) was expressly affirmed by the Supreme Court in *Lopez*. *See* 531 U.S. at 244 (finding that BOP "may categorically exclude prisoners based on their preconviction conduct," and that BOP regulation providing that use of firearms in connection with felony offense categorically precludes inmate from early-release eligibility under § 3621(e) was a valid exercise of that discretion).

the 500-hour drug treatment program on September 26, 2005, and that his expected completion date is June 22, 2006. (Letter of Jeff Ozbun, filed October 21, 2005.) As such, Lewis seeks § 2255 relief for the BOP's failure to grant him a sentence reduction for completing a nine-month program in which he had been enrolled for less than a month at the time of his filing.

## II.     Analysis.

The Court perceives three distinct fatal flaws with Lewis's Petition. The first is that Lewis is requesting relief that is not permissible under 28 U.S.C. § 2255, and that this Court lacks jurisdiction to award him. The second is that Lewis has failed to exhaust his administrative remedies before the BOP. The third is that Lewis's Petition is not ripe.

### A.     *This Court Lacks Jurisdiction over the Petition.*

Section 2255 relief is available only in a limited, enumerated class of cases.[4] It is well established that a challenge to the manner and extent to which a sentence is executed – as opposed to an attack on the legality of the sentence itself – is not cognizable under 28 U.S.C. § 2255, but must be framed as a habeas corpus petition under 28 U.S.C. § 2241. *See, e.g.*, *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (motions seeking relief on grounds concerning the execution but not the validity of a sentence, such as a motion contending that a prison unlawfully deprived a prisoner of good time credits, may not be brought under § 2255, but must instead be brought under § 2241); *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (§ 2255 motions must be directed to sentence as imposed, not its manner of execution, while § 2241 motions challenge execution, not imposition, of sentence); *Rogers v. United States*, 180 F.3d 349, 357-588 & n.15, 16 (1st Cir. 1999) (§ 2255 motion is not appropriate vehicle to challenge denial of credit for time served); *Goldberg v. Beeler*, 82 F. Supp.2d 302, 308 (D.N.J. 1999) (distinguishing § 2255 motions from § 2241 motions and explaining that challenges to events subsequent

---

[4] In particular, § 2255 may be invoked only where (1) a sentence is imposed in violation of the Constitution or laws of the United States, (2) the court is without jurisdiction to impose a sentence, (3) the sentence exceeded the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 (1962).

to sentencing are properly raised under § 2241).

The 2255/2241 distinction is not merely academic; on the contrary, it implicates the jurisdiction of this Court to hear Lewis's claims. The Court cannot turn a blind eye to a petitioner's mislabeling of his motion and construe it liberally as one brought under the correct statute, because the jurisdictional reach of the two provisions differs. In a similar context, the Fifth Circuit has explained:

> "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. ... Gabor filed the § 2255 petition that he now appeals while incarcerated in a Wisconsin federal penitentiary. Therefore, the Western District of Texas lacked jurisdiction to afford Gabor the relief he requests."

*Gabor*, 905 F.2d at 78. Similarly, in *Hajduk v. United States*, 764 F.2d 795 (11th Cir. 1985), the Eleventh Circuit noted that § 2241 actions must be brought in the court having jurisdiction over the petitioner or his place of incarceration. *Id.* at 796. Because the petitioner in *Hajduk* was incarcerated in Kentucky, the sentencing court in the Southern District of Georgia lacked jurisdiction for § 2241 purposes. *Id.*; *see also Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."); *United States v. Kennedy*, 851 F.2d 689, 690-91 (3d Cir. 1988) (warden of prison within which federal prisoner resides is proper "custodian" for § 2241 purposes and § 2241 petition must be brought in judicial district where petitioner is confined).

Lewis's contention that the BOP wrongfully denied him a sentence reduction for participation in a drug treatment program clearly goes to the execution of his sentence, not the validity of the sentence imposed by this Court. This claim is not cognizable under § 2255, but is only actionable (if at all) under § 2241. Lewis's filings indicate that he is presently incarcerated in the Federal Correctional Institution in Marianna, Florida; therefore, if Lewis seeks a remedy under § 2241 for the execution of his sentence, he must pursue that relief in the Northern District of Florida. Any § 2241 habeas petition he might file in this District Court would plainly lie outside this Court's jurisdiction. For these reasons, Lewis's claims challenging the execution of his sentence must be **dismissed** without prejudice for want of jurisdiction.

### B. Lewis Has Not Exhausted Administrative Remedies.

In addition to proceeding under § 2241 rather than § 2255, a petitioner contesting the implementation of his sentence by the BOP must first exhaust administrative remedies. *See Montoya v. Fleming*, 2005 WL 102992 (5th Cir. Jan. 19, 2005) (affirming dismissal of § 2241 petition alleging failure by BOP to award sentence reduction via drug treatment program, where petitioner failed to exhaust administrative remedies); *United States v. D'Ambrosia*, 2003 WL 22100846, *1 (3d Cir. Sept. 11, 2003) (defendant must exhaust administrative remedies at BOP before seeking review of sentencing credit issue in district court); *Gabor*, 905 F.2d at 78 n.2; *Soyka v. Alldredge*, 481 F.2d 303, 306 (3d Cir. 1973); *Kennedy*, 851 F.2d at 691. Lewis's failure to comport with fundamental exhaustion requirements precludes him from procuring judicial intervention as to the BOP's decision at this time.

### C. Lewis's Petition is Premature.

Finally, the Court observes that the Petition is not ripe. Lewis objects that the BOP has provisionally denied him entitlement to a sentence reduction under § 3621(e) for successful completion of a residential substance abuse program. But he does not point to any final decision by the BOP in that regard. More importantly, the inescapable fact is that Lewis has not completed the 500-hour residential substance abuse program. To the contrary, he is barely one month into a rigorous nine-month program. Although the Court wishes Lewis nothing but success in his efforts to combat his drug addiction, it is far from a foregone conclusion that Lewis will successfully complete the program. As such, Lewis's Petition assumes that (a) he will successfully complete the program, thus triggering § 3621(e) and (b) the BOP's final decision on the sentence reduction issue will mirror its provisional decision. Well-settled principles of ripeness forbid this Court from rendering advisory opinions on such speculative hypotheticals that may or may not ever come to pass. *See, e.g., National Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."); *Georgia Power Co. v. Teleport Communications Atlanta, Inc.*, 346 F.3d 1047, 1050 (11th Cir. 2003) ("Only final agency actions can be subject to

judicial review.").

### III.     Conclusion.

For all of the foregoing reasons, Lewis's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 32) is hereby **dismissed without prejudice**, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.[5]

DONE and ORDERED this 26th day of October, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5] In a separate Motion (doc. 31), Lewis requests that a copy of his sentencing transcript be provided to him without charge to assist him in preparing his § 2255 motion. By statute, an indigent defendant is entitled to a free transcript for use in § 2255 proceedings only where "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *see also United States v. Garrett*, 2005 WL 1163102, *1 (M.D. Fla. May 17, 2005) (denying motion for free transcripts where petitioner "failed to allege sufficient facts to show that the documents and transcripts he sought were necessary to the preparation of a § 2255 motion"). Because Lewis has failed to show how transcripts might reasonably assist him in pursuing his collateral attack, the Court cannot so certify. Lewis's Motion (doc. 31) for a free transcript is **denied**.